(C. D. 878)

MERAUX TERMINAL CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 11, 1944)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: In this suit against the United States the plaintiff protests against the action of the collector of customs at the port of New Orleans in refusing to grant the plaintiff's application to abandon to the Government 52,214 gallons of untreated gasoline distillate.

The record, which is in the form of a stipulation entered into between the parties, shows that on January 10, 1939, the plaintiff made a warehouse entry of 5,314,879.50 gallons of untreated gasoline distillate and that the collector liquidated the entry on March 7, 1939, and assessed an import tax on the merchandise at 2½ cents per gallon under section 601 (c) (4) of the Revenue Act of 1932; that between the date of entry and March 14, 1940, the importer made withdrawals of the merchandise totaling 5,260,421 gallons; that on March 14, 1940, the importer filed an application to abandon to the Government 52,214 gallons of the merchandise; that on June 4, 1940, the collector advised counsel for the plaintiff, by letter, that the application for abandonment would not be approved "inasmuch as the merchandise covered by the application to abandon had evaporated."

The provision of law under which the plaintiff claims the right to abandon the merchandise is section 563 (b) of the Tariff Act of 1930,

as amended by section 23 of the Customs Administrative Act of 1938, and reads as follows:

ABANDONMENT.—Under such regulations as the Secretary of the Treasury may prescribe and subject to any conditions imposed thereby the consignee may at any time within three years from the date of original importation, abandon. to the Government any merchandise in bonded warehouse, whereupon any duties on such merchandise may be remitted or refunded as the case may be, but any merchandise so abandoned shall not be less than an entire package and shall be abandoned in the original package without having been repacked while in a bonded warehouse (other than a bonded manipulating warehouse).

The regulations relating to the abandonment of merchandise in bonded warehouse are contained in article 808 of the Customs Regulations of 1937, but the directions in that regulation relate solely to the disposition of the abandoned merchandise.

The plaintiff cites in support of its contention the following cases: *Goggi Bros., Inc.* v. *United States*, 8 Cust. Ct. 380, C. D. 643; *Casazza & Bro.* v. *United States*, 13 Ct. Cust. Appls. 627, T. D. 41481; *Harrison Corp.* v. *United States*, 10 Cust. Ct. 16, C. D. 715; *Agency Canadian Car & Foundry Co.* v. *United States*, 11 Ct. Cust. Appls. 19, T. D. 38637; *Uberti & Cia.* v. *United States*, 12 Ct. Cust. Appls. 373, T. D. 40523; *La Montagne Bros., Inc.* v. *United States*, 68 Treas. Dec. 372, T. D. 47918; and *Alex. D. Shaw & Co.* v. *United States*, 16 Ct. Cust. Appls. 214, T. D. 42836. We have carefully examined the cases cited and find that they do not relate to facts exactly similar to those herein involved.

In *Goggi Bros., Inc.* v. *United States, supra*, it appears that the importer abandoned to the Government 18 barrels of wine, which were in warehouse, citing as authority section 563 (b) of the Tariff Act of 1930. The collector ordered a regauge of the merchandise and it was found that the barrels contained only 691½ gallons of wine, or 252½ gallons less than were formerly found on the original gauge. The collector demanded payment of duty on the 252½ gallons of wine and the importer filed a protest against that demand. The court held that since the importer abandoned the 18 barrels of wine originally imported the collector should not assess any duty thereon, even if some of the wine had evaporated while in warehouse. The Government filed an application for rehearing on the ground that the protest was untimely, which application was granted (9 Cust. Ct. 398, Abstract 47475) and on June 7, 1944 (Abstract 49481) the court rendered judgment dismissing the protest. The merchandise in the instant case was imported and stored in bulk and does not meet the limitation in section 563 (b), quoted below, as did the goods in that case:

* * * but any merchandise so abandoned shall not be less than an entire package and shall be abandoned in the original package without having been

repacked while in a bonded warehouse (other than a bonded manipulating warehouse).

In *Casazza & Bro.* v. *United States, supra,* the controversy arose in connection with an application filed by the importer to have certain wine in warehouse destroyed and thereby to be relieved from the payment of duty thereon under the following provision in section 557 of the Tariff Act of 1922:

Merchandise entered under bond, under any provision of law, may be destroyed, at the request and at the expense of the consignee, within the bonded period under customs supervision, in lieu of exportation, and the consignee relieved of the payment of duties thereon.

After the application for destruction of the merchandise was filed the collector ordered a regauge of the wine, destroyed what remained, and called upon the importer to pay duty upon the amount represented by the difference between the amount actually destroyed and that originally imported in the particular casks. The importer paid the amount demanded by the collector and filed a protest against the exaction. The court sustained the importer's claim and held that no duty should be assessed on the amount of wine which had evaporated from the casks while in bonded warehouse and before the application for destruction was filed. The court said, however:

In this connection it may be suggested that, if the wine in question had been imported in bulk and withdrawal had been made from the entire amount, then a different question might be presented.

In *Harrison Corp.* v. *United States, supra,* the merchandise involved was described as a cask of wine, but, when the appraiser made his examination, it was found that the cask was entirely empty. The importer made an application to abandon the merchandise under the authority of section 563 (b) of the Tariff Act of 1930 but the collector denied that application. It appeared that the cask had been landed in Los Angeles and transshipped to San Francisco and the weight of evidence indicated that the cask was empty when landed in Los Angeles. The collector assessed duty on the wine which had formerly been contained in the cask. The court sustained the importer's claim stating, "we find no reason why the collector should not have granted plaintiff's request to abandon or destroy the cask and remit or refund the duty thereon under the provisions of section 557 or 563 (b) of the Tariff Act of 1930."

That case differs from the one herein involved because here there is no contention that the untreated gasoline distillate had not been landed and put in warehouse at the time of importation, while in that case it appeared that only the container had been imported.

In *Agency Canadian Car & Foundry Co.* v. *United States, supra,* the merchandise consisted of empty ammunition shells which had been entered for consumption and had been destroyed by fire or

explosion at the importer's plant after delivery. Within 10 days after entry the importer attempted to abandon the shipment and obtain a refund of the duty paid, relying on the authority to abandon in paragraph X of section III of the Tariff Act of 1913. The court held that such procedure was not applicable because of the following language in that provision:

\* \* \* all merchandise abandoned to the Government by importers shall be delivered by them at such place within the port of arrival as the chief officer of customs may direct.

The court held that inasmuch as the merchandise was destroyed and could not be delivered to the Government officers, or any place they might select, the importer was entitled to no relief. The plaintiff urges in its brief that the decisive point in that decision was specifically called to the attention of Congress in a brief filed before the Committee on Finance of the United States Senate at page 5104 of the hearings before that committee on the proposed Tariff Act of 1922, using the following language:

Delivery of imported merchandise at a designated place should not be made a condition of the right of abandonment of such merchandise where it is so far destroyed or in such condition as not to be deliverable.

Plaintiff argues that Congress adopted the above suggestion because the phrase in the prior act, regarding delivery of abandoned merchandise to a place selected by the customs officers, is not contained in section 563 of the Tariff Act of 1922. An examination of the tariff hearings referred to shows that the suggestion was not made in connection with section 563 but was made in connection with section 513 of the House Bill which ultimately became section 505 of the Tariff Act of 1922. That section provides that merchandise entered for consumption may be abandoned. Congress did not reenact the provision complained of, but changed the language in section 505 (1) to read as follows:

(1) Where the importer abandons, within ten days after entry, to the United States all or any portion amounting to 10 per centum or more of the total value or quantity of merchandise in any invoice, *and delivers the portion so abandoned to such place as the collector directs unless the collector is satisfied that it is so far destroyed as to be nondeliverable;* \* \* \*. [Italics ours.]

In paragraph (2) of the same section, which permits the abandonment of 5 per centum or more of shipments of fruit or other perishable merchandise which is injured so that its commercial value has been destroyed, no directions for delivery of the damaged merchandise are required.

In that act the provision permitting the abandonment of merchandise in bonded warehouse is contained in section 563 and reads as follows:

*And provided further*, That the consignee may, with the consent of the Secretary of the Treasury, at any time prior to three years from the date of original importa-

tion abandon to the Government any merchandise in bonded warehouse and be relieved of the payment of duties thereon: *Provided*, That the portion so abandoned shall not be less than an entire package and shall be abandoned in the original package without having been repacked while in bonded warehouse.

The above-quoted provision appears to be the predecessor of section 563 (b) of the Tariff Act of 1930, now under consideration, but it is noted that it permits, as does section 563 (b), the abandonment of merchandise "in bonded warehouse." The record in the instant case shows that the merchandise which the importer sought to abandon was not "in bonded warehouse" at the time the application to abandon the same was filed. It had evaporated before that time. We are of opinion that the change made by Congress in section 505 of the Tariff Act of 1922, to which our attention is directed, does not affect the provisions of section 563 (b) of the Tariff Act of 1930.

*Uberti & Cia.* v. *United States, supra*, does not involve a question similar to the one here under consideration. The merchandise in that case was destroyed by fire or other casualty while in bonded warehouse and the court held that an allowance in duties thereon should be made whether or not the importer had paid the duties before the casualty. That was a claim for damage to imported merchandise under the portion of section 563 of the Tariff Act of 1922 corresponding to section 563 (a) of the Tariff Act of 1930. The merchandise in the instant case was not destroyed by fire or other casualty.

*La Montagne Bros., Inc.* v. *United States, supra*, involved a loss in the amount of brandy which had been repacked in warehouse in accordance with the provisions of section 562 of the Tariff Act of 1922. The collector assessed duty on the quantity found by gauging the merchandise at the time of entry but the court held that duty should be assessed on the quantity found by gauging the brandy at the time of withdrawal basing its decision on the provision in section 562, which provided that such merchandise repacked in bonded warehouse may be withdrawn "upon payment of duties accruing thereon, in its condition at the time of withdrawal from warehouse." That decision was not appealed to the appellate court, but the Government took an appeal from a decision of similar import in *Siegfried Lowenthal Co.* v. *United States*, 8 Cust. Ct. 518, Abstract 47187, and the decision below was reversed. *United States* v. *Siegfried Lowenthal Co.*, C. A. D. 244. The court construed section 562 in the light of paragraph 813 and section 563 (a) and held that the importer would be entitled to relief only in cases where the quantity or weight of the merchandise manipulated under section 562 had changed by virtue of the repacking, cleaning, etc., provided for therein and that the importer was not entitled to relief in cases of leakage or evaporation of the merchandise. The court specifically overruled *Alex. D. Shaw & Co.* v. *United States, supra*, cited by the plaintiff, and held that

*La Montagne Bros., Inc.* v. *United States, supra, Casazza & Bro.* v. *United States, supra,* and *Alex. D. Shaw & Co.* v. *United States,* 39 Treas. Dec. 179, T. D. 38664 were inapplicable.

The defendant claims that section 563 (b) should be construed in the light of section 563 (a), which states:

In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in customs custody.

except in case of fire or other casualty in which case the Secretary of the Treasury is authorized to make an allowance in duties. The defendant directs attention also to the following portion of section 557:

Any merchandise subject to duty * * * may be entered for warehousing and be deposited in a bonded warehouse at the expense and risk of the owner, importer, or consignee.

Defendant contends that the untreated gasoline distillate in this case was in warehouse at the *risk* of the importer who is responsible for any loss other than that caused by fire or other casualty and that he is responsible for the tax or duty thereon.

The situation in the instant case is comparable with that in *Silberman-Becker Corp.* v. *United States,* 27 C. C. P. A. (Customs) 79, C. A. D. 65. The merchandise the subject of that decision consisted of furs which were entered for warehouse and an application was filed to withdraw the same for export, but the furs were stolen from the pier before exportation. The court considered the terms of section 563 (a), the pertinent part of which is quoted above, and held that the importer must pay the duty on the stolen furs in spite of the fact that an application had been filed under the specific provision in section 557 permitting the exportation of goods in warehouse without the payment of duty thereon. That section provided that merchandise in warehouse "may be withdrawn for exportation or for transportation and exportation to a foreign country * * * without the payment of duties thereon." The court said:

* * *. It has been the rule for over 100 years that the right of the Government to duties upon dutiable goods accrues when the goods have arrived at the port of entry, and that the duties become a personal debt of the importer. *Meredith* v. *United States,* 38 U. S. 486.

\* \* \* \* \* \* \*

If the loss occurred through the negligence of customs officials, as to which the stipulation is silent, it seems unjust to require the payment of duties upon the merchandise stolen; but, the statute affording no ground of relief, if relief is to be granted, appellant must address himself to the legislative department of the Government.

We are of opinion that the statute affords no ground for relief in the instant case. The importer placed the gasoline in bonded warehouse at its own risk and the fact that it evaporated before the

application to abandon the merchandise was filed does not justify a remission or refund of the tax or duty assessed thereon. The protest is overruled. Judgment will be rendered in favor of the defendant.